## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI-DADE DIVISION

JANE DOE,

          Plaintiff,

v.

REAL ID INC.,

          Defendant.

Case No.: 1:23-cv-21564

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Jane Doe ("Plaintiff") by and through her counsel brings the following Complaint against Real ID Inc. ("Real ID" or "Defendant") for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq.*, arising out of tenant screening report that Real ID published to Plaintiff's potential landlord, which **falsely** portrayed Plaintiff had been **convicted** of "dealing in stolen property", "grand theft less than $5000", "fraud/false owner in pawing items less than $300", as well as four **charges** for traffic violations and "possession of control substance, cannabis 20 grams or less" older than 7 years.

### INTRODUCTION

1.    This is an individual action for damages, costs, and attorney's fees brought against Defendant pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* ("FCRA").

2.    Real ID is a consumer reporting agency ("CRA") that compiles and

*Doe v. Real ID Inc.*
Complaint

maintains files on consumers on a nationwide basis. Defendant sells consumer reports, also known as tenant screening reports, generated from their database and furnish these tenant screening reports to mortgage brokers, landlords, and property management companies who use the reports to make decisions regarding prospective borrowers and tenants.

3.  Defendant assembled, evaluated and published an inaccurate tenant screening report to Plaintiff's prospective landlord, which falsely included **convictions** for "dealing in stolen property", "grand theft less than $5000", "fraud/false owner in pawing items less than $300", as well as **charges** for four traffic violations and "possession of control substance, cannabis 20 grams or less" older than 7 years.

4.  Defendant's report contains patently inaccurate information because a Court previously found that Plaintiff had not been found guilty and thus ordered to seal the charges for "dealing in stolen property", "grand theft less than $5000", "fraud/false owner in pawing items less than $300", pursuant to §943.059, Fla. Stat.

5.  Defendant's report contains patently inaccurate information because Plaintiff was only charged for four traffic violations and "possession of control substance, cannabis 20 grams or less", and those charges are older than 7 years.

6.  Plaintiff's prospective landlord denied Plaintiff's housing application after receiving the tenant report from Defendant, in which Defendant published the patently inaccurate criminal records.

7.  Defendant's inaccurate reporting could have easily been avoided had Defendant performed a cursory review of the widely available underlying public court records pertaining to the criminal records prior to publishing the information to Plaintiff's

*Doe v. Real ID Inc.*
Complaint

prospective landlord.

8.     Defendant does not employ reasonable procedures to assure the maximum possible accuracy of the information it reports regarding consumers.

9.     Defendant's procedures are so unreasonable that they fail to detect and block the reporting of charges that are older than seven years.

10.     Defendant's failure to employ reasonable procedures resulted in Plaintiff's report being grossly inaccurate.

11.     Defendant committed these violations pursuant to their standard policies and practices, which harm innocent consumers seeking housing by prejudicing their prospective landlords with inaccurate information.

12.     Defendant's inaccurate report cost Plaintiff the ability to rent the property in New York, preventing Plaintiff from moving to live closer to her family, causing Plaintiff monetary damages and physical injury as a result of emotional distress, embarrassment, inconvenience, anxiety, fear of homelessness, financial loss, as well as estrangement from her family and loss of consortium with her sister.

13.     As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of housing opportunities; loss of time and money trying to correct the tenant screening reports; the expenditure of labor and effort disputing and trying to correct the inaccurate reporting; damage to her reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

*Doe v. Real ID Inc.*
Complaint

14.     As a result of Defendant's conduct, action, and inaction, Plaintiff brings claims against Defendant for failing to follow reasonable procedures to assure maximum possible accuracy based on 15 U.S.C. §1681e(b) *et seq.*

**PARTIES**

15.     Plaintiff is a natural person residing in Cutler Bay, Florida, and is a "consumer" as that term is defined in §1681a(c).

16.     Plaintiff has a privacy right so substantial as to outweigh the customary and constitutionally-embedded presumption of openness in judicial proceedings.

17.     The criminal records of "dealing in stolen property", "grand theft less than $5000", "fraud/false owner in pawing items less than $300" that underlie this action were sealed by court order on or about October 10, 2022, pursuant to §943.059, Fla. Stat. As a condition to sealing the records, the court previously found that Plaintiff had not been found guilty of those charges.

18.     Section 943.059(6)(b) provide that Plaintiff "may lawfully deny or fail to acknowledge the arrests covered by the sealed record".

19.     Use of Plaintiff's actual name would nullify the protections afforded Plaintiff under Florida law, including under §943.059(6)(b).

20.     The criminal records of "dealing in stolen property", "grand theft less than $5000", "fraud/false owner in pawing items less than $300" that underlie this action involve information of the utmost intimacy of Plaintiff.

21.     Defendant Real ID Inc. ("Real ID") is a Delaware corporation doing business throughout the United States, including in this District.

*Doe v. Real ID Inc.*
Complaint

22.     Real ID's principal place of business is located at 18901 W Dixie Hwy #630190, Miami, FL 33163.

23.     Real ID can be served through its registered agent Corporation Service Company, located at 251 Little Falls Drive, Wilmington, DE 19808.

24.     Among other things, Defendant sells consumer reports, often called tenant screening reports, to mortgage brokers, property management companies, and landlords for their use in deciding whether to rent or otherwise offer housing to a prospective tenant. These reports are provided in connection with a business transaction initiated by the consumer.

25.     Defendant is a consumer reporting agency as defined in 15 U.S.C. §1681a(f) because for monetary fees, they regularly engage in the practice of evaluating and/or assembling information on consumers for the purpose of furnishing consumer reports for tenant screening purposes to third parties, and use interstate commerce, including the Internet, for the purpose of preparing and furnishing such consumer reports.

## JURISDICTION AND VENUE

26.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

27.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1), (2) because Real ID's principal place of business is located in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

*Doe v. Real ID Inc.*
Complaint

## STATUTORY BACKGROUND

28.     Enacted in 1970, the FCRA's passage was driven in part by two related concerns: first, that consumer reports were playing a central role in people's lives at crucial moments, such as when they applied for a job or credit, and when they applied for housing. Second, despite their importance, consumer reports were unregulated and had widespread errors and inaccuracies.

29.     While recognizing that consumer reports play an important role in the economy, Congress wanted consumer reports to be "fair and equitable to the consumer" and to ensure "the confidentiality, accuracy, relevancy, and proper utilization" of consumer reports. 15 U.S.C. §1681.

30.     Congress, concerned about inaccuracies in consumer reports, specifically required consumer reporting agencies to follow "reasonable procedures to assure maximum possible accuracy" in consumer reports. §1681e(b).

31.     Consumer reports that contain factually incorrect information which does not belong to the consumer at issue are neither maximally accurate nor fair to the consumers who are the subjects of such reports.

### THE FCRA'S PROTECTIONS FOR HOUSING APPLICANTS

32.     Despite its name, the Fair Credit Reporting Act covers more than just credit reporting, it also regulates tenant screening reports like the one Defendant prepared in Plaintiff's name.

33.     The FCRA provides a number of protections for housing applicants who are the subject of tenant screening reports for the purpose of securing housing and credit.

*Doe v. Real ID Inc.*
Complaint

34.     In the parlance of the FCRA, tenant screening reports are "consumer reports," and providers of tenant screening reports, like Defendant, are "consumer reporting agencies." §1681a(d) and (f).

35.     The FCRA imposes duties on consumer reporting agencies to assure that consumer reports are accurate and that "consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." §1681.

36.     Under §1681e(b), consumer reporting agencies are required "to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

37.     Under §1681c(a), consumer reporting agencies are required to purge "records of arrests that, from date of entry, antedate the report by more than seven years."

38.     Defendant disregarded its duties under the FCRA with respect to Plaintiff's tenant screening report.

## DEFENDANT'S ILLEGAL BUSINESS PRACTICES

39.     Over the past 15 years, there has been increased collection and aggregation of consumer data, including eviction and civil judgment records. As a result of the increasing availability of this data, there has been a boom in the tenant screening industry.

40.     Tenant Screening Reports are generally created by running automated searches through giant databases of aggregated criminal record data. The reports are created and disseminated with little to no manual, in-person review, and the underlying court records are rarely directly reviewed in creating tenant screening reports.

*Doe v. Real ID Inc.*
Complaint

41.     Tenant Screening companies, like Defendant, collect millions of records from a number of sources with data from county, state, and federal level sources. The data included on the reports is often not obtained directly from court records on an individual basis but instead is purchased in bulk or scraped from court websites.

42.     Given that Defendant is in the business of selling tenant screening reports, Defendant should be well aware of the FCRA and the attendant harm to consumers for reporting inaccurate or outdated information.

43.     Defendant places its business interests above the rights of consumers and reports such inaccurate information because it is cheaper for Defendant to produce reports containing information that is inaccurate and incomplete than it is for Defendant to exert proper quality control over the reports prior to their being provided to Defendant's customers.

44.     Defendant reports such erroneous and incomplete information because it wants to maximize the automation of its report creation process, thereby saving the costs associated with conducting the additional review necessary to remove the inaccurate or out-of-date entries.

45.     Defendant charges its customers the same price for reports that are grossly inaccurate as it does for accurate reports.

46.     Appropriate quality control review of Plaintiff's report would have made clear that Defendant was reporting information in violation of §1681c and §943.059, Fla. Stat.

47.     As a provider of tenant screening reports, Defendant should be aware of the

FCRA requirements and is likely a member of the Professional Background Screening Association ("PBSA"). PBSA hosts a conference at least once a year where presenters discuss compliance with federal and state consumer reporting laws.

## FACTS

### Plaintiff Applies for Rental

48.     Plaintiff has been looking at moving to Brockport, NY for years, to be able to live closer to her sister.

49.     Eventually, after years of working and planning, Plaintiff was able to resolve her affairs in Florida and save enough money to be able to move out of state.

50.     Plaintiff's search was limited not only because of the location of her future home but also because Plaintiff was careful to make sure she could afford the rent for the next few months if she had to rely on her savings.

51.     Plaintiff was also searching for an apartment that was in a safe and clean neighborhood, especially as a new resident in the area or even New York State.

52.     In or around early March 2023, Plaintiff found an apartment that met her needs and budget, and almost immediately began the application process with the apartment building management (the "Property Manager").

53.     As part of her application, Plaintiff was required to consent to a tenant screening report.

54.     Plaintiff was also required to pay the Property Manager about $20 for the tenant screening report.

### Defendant Publishes an Inaccurate Tenant Screening Report to

*Doe v. Real ID Inc.*
Complaint

**the Property Manager**

55.     The Property Manager contracted with Defendant to conduct tenant screening reports on prospective tenants to determine whether the prospective tenant is eligible to rent an apartment.

56.     On or about March 15, 2023, Defendant sold a tenant screening report about Plaintiff to the Property Manager, wherein Defendant published information including a compilation of Plaintiff's credit history, criminal history, and civil records history.

57.     The tenant screening report is a consumer report regulated by the FCRA.

58.     Within that tenant screening report, Defendant published inaccurate information about Plaintiff.

59.     Specifically, Defendant reported inaccurately that Plaintiff had been convicted for "dealing in stolen property", "grand theft less than $5000", "fraud/false owner in pawing items less than $300", as well as having charges for four traffic violations and "possession of control substance, cannabis 20 grams or less" older than 7 years.

60.     The information is patently inaccurate because:

> (a)     A Court had ordered to seal the criminal records pertaining to "dealing in stolen property", "grand theft less than $5000", "fraud/false owner in pawing items less than $300" pursuant to §943.059, Fla. Stat., which statute requires a finding that the Defendant was not adjudged guilty;

> (b)     Plaintiff's four charges of traffic violations are older than 7 years;

> (c)     Plaintiff's charges of "possession of control substance, cannabis 20

*Doe v. Real ID Inc.*
Complaint

grams or less" are older than 7 years.

61.     The above-referenced information should not have been included in any tenant screening report about Plaintiff pursuant to 15 U.S.C. §1681c(a)(5) and §943.059(6)(b), Fla. Stat.

62.     Specifically, it is indisputable that prior to furnishing the report about Plaintiff to the Property Manager, Defendant failed to:

(a)     review the information for internal inconsistencies or violations of §1681c's time limitations; and

(b)     consult widely available public court records on-line for Miami-Dade County, which indicate that Plaintiff's charges are older than 7 years;

(c)     consult widely available public court records on-line for Leon County, which indicate that Plaintiff has no criminal records and that the traffic violations are older than 7 years;

(d)     consult widely available public court records on-line for North Carolina, which indicate that Plaintiff that the traffic violations are older than 7 years.

63.     Defendant's unreasonable or non-existent procedures allowed Defendant to publish a report about Plaintiff wherein Defendant reported stigmatizing information in violation of the FCRA and Florida law.

64.     Had Defendant actually reviewed the information they were reporting, or consulted or obtained the widely available underlying public court records, they would have seen Plaintiff has no criminal records or that the charges are older than 7 years.

*Doe v. Real ID Inc.*
Complaint

65.     Plaintiff was never convicted of any of the charges of "dealing in stolen property", "grand theft less than $5000", "fraud/false owner in pawing items less than $300", or "possession of control substance, cannabis 20 grams or less" that Defendant was reporting.

66.     On or about October 10, 2022, a Florida Court found that Plaintiff was not found guilty of "dealing in stolen property", "grand theft less than $5000", "fraud/false owner in pawing items less than $300", and ordered that all records be sealed.

67.     Between October 10, 2022 and March 15, 2023, Defendant failed to update their records.

68.     Defendant has no policies and procedures to avoid reporting charges that did not result in convictions and that are older than 7 years.

69.     Upon information and belief, Defendant has no policies and procedures to avoid reporting charges as convictions, when no conviction has been entered.

70.     Upon information and belief, Defendant has no policies and procedures to timely update their records on cases where criminal charges are filed but before there is a conviction.

71.     Upon information and belief, Defendant has no policies and procedures to timely update their records on cases where no conviction has been entered and an order sealing or expunging the record has been entered.

72.     Upon information and belief, Defendant has no policies and procedures to timely update their records on cases where no conviction has been entered and thereafter the case no longer appears on the court's records.

*Doe v. Real ID Inc.*
Complaint

73.     The sole reason the inaccurate criminal records were reported was that Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information they published within the tenant screening reports Defendant sold about Plaintiff to Plaintiff's prospective landlord.

74.     Had Defendant followed reasonable procedures, Defendant would have discovered that the inaccurate, stigmatizing criminal charges had never become convictions and, even worse, the court had ordered the records sealed because they case was no longer available on any database.

75.     Had Defendant followed reasonable procedures, Defendant would have discovered that the inaccurate, stigmatizing criminal charges were patently older than 7 years.

76.     In preparing and selling consumer reports about Plaintiff, wherein Defendant published to Plaintiff's prospective landlord inaccurate information about Plaintiff, Defendant failed to follow reasonable procedures to assure that the reports were as accurate as maximally possible, in violation of §1681e(b).

## Plaintiff's Application is Denied

77.     On or about March 16, 2023, Plaintiff was notified by the Property Manager that Plaintiff's application was denied because Plaintiff "did not meet [their] requirements".

78.     On or about March 21, 2023, Plaintiff obtained a copy of the tenant screening report Defendant sold the Property Manager.

79.     Plaintiff was shocked and humiliated upon reviewing the report and realizing

*Doe v. Real ID Inc.*
Complaint

that the criminal records were published in the tenant screening report.

80. The inaccurate information was reported as follows:



*Doe v. Real ID Inc.*
Complaint



Disposition date: ▮▮▮ 2013

Record #3 : FL Leon Courts Traffic (phase 2 new layout) - ▮▮▮▮▮▮▮▮                    Infraction:Traffic
addtl info

Name: ▮▮▮▮▮▮▮▮
DOB:

Address #1: ▮▮▮▮▮▮▮▮
City/State/Zip:

Offense #1:        (NO FDLE CODE)-I-N-DRIVER NOT BELTED - TO BE CITED
Offense date: ▮▮ /2013       Offense    316.614(4)(B)
                             code:
Charge filed: ▮▮ /2013       Court:     Leon
Counts:        1
Disposition date: ▮▮ 2013    Casetype:  Traffic

Unknown   order addtl info

Disposition date: ▮▮▮

Record #4 : FL Dade Clerk of Courts - ▮▮▮▮▮▮▮▮       Unknown   order addtl info

Name: ▮▮▮▮▮▮     Sex:     Female          Height: ▮▮

DOB: ▮▮▮▮▮▮        Weight:  ▮▮▮
Race:
Hair:
Eye:
Alias #1: ▮▮▮▮▮▮

Address #1: ▮▮▮▮▮▮▮
City/State/Zip:

Offense #1:     CONTROLLED SUBSTANCE/POSSESSION;(2)CANNABIS/POSSESSION/20
                GRAMS OR LESS
Offense code:   893.13(6)(A);
                (2)893.13(6)(B)
Charge filed: ▮▮▮ 2004
Disposition:    NOLLE PROS
Disposition date: ▮▮▮ 2013    Casetype:   F 3;(2)M 1
Arrest Date: ▮▮▮ 2004
Arresting agency:  City of Miami

Arresting agency: City of Miami

Record #5 : FL Leon Courts - ▮▮▮▮▮▮▮▮       Unknown   order addtl info

*Doe v. Real ID Inc.*
Complaint



81.     Plaintiff was very panicked, confused, embarrassed, annoyed, persecuted and

concerned about the impact of the criminal records being reported as convictions, as well

*Doe v. Real ID Inc.*
Complaint

as the charges older than 7 years, on her tenant screening reports now and in the future.

82.     Specifically, Defendant was reporting patently false information, and sold that report to the Property Manager.

83.     Defendant had actual notice of the Court order sealing the records of "dealing in stolen property", "grand theft less than $5000", "fraud/false owner in pawing items less than $300", based on Defendant's reporting of the "disposition date: 10/10/2022" being the date the Court ordered the records sealed.

84.     The exculpatory public record information was widely available to Defendant —the sealing for over five months—, prior to publishing Plaintiff's tenant screening reports to the Property Manager, but Defendant failed to perform even a basic internet search or review of the information itself to confirm compliance with §1681c(5).

## Defendant Continues to Report Inaccurate Information

85.     On a letter dated March 23, 2023, Defendant sent Plaintiff a new consumer report.

86.     Plaintiff immediately noticed that all information previously reported in violation of §1681c had been removed.

87.     However, Plaintiff was very panicked, confused, embarrassed, annoyed, persecuted and concerned that a conviction for "dealing in stolen property", "grand theft less than $5000", "fraud/false owner in pawing items less than $300" was still reporting, in violation of §943.059, Fla. Stat.

## Defendant Inaccurate Report are causing Injury to Plaintiff

88.     The inaccurate reports have chilled Plaintiff from applying to rent with other

*Doe v. Real ID Inc.*
Complaint

landlords, forcing her to put her move on pause and the uncertainty of her living situation in Florida.

89.     Plaintiff reasonably believes that due to Defendant's inaccurate reporting in the first instance, the Property Manager formed a negative opinion about Plaintiff.

90.     Defendant's inaccurate report cost Plaintiff the housing opportunity that best met her needs, including those attendant to affordability, safety, cleanliness, and proximity to work, school, friends, and family.

91.     Due to Defendant's unreasonable procedures in the first place, Plaintiff has had to pause her move to New York and is living with uncertainty of her future housing and work situations.

92.     The injuries suffered by Plaintiff as a direct result of Defendant's erroneous reporting are the type of injuries that the FCRA was enacted to address. Under common law, Defendant's conduct would have given rise to causes of action based on defamation and invasion of privacy.

93.     As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of housing opportunities; loss of time and money trying to correct the tenant screening reports; damage to her reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

*Doe v. Real ID Inc.*
Complaint

## CLAIMS FOR RELIEF

### COUNT I

### 15 U.S.C. §1681e(b)

**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**

94.     Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully stated herein.

95.     Defendant is a "consumer reporting agency" as defined by §1681a(f).

96.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by §1681a(c).

97.     At all times pertinent hereto, the above-mentioned tenant screening report was a "consumer report" as that term is defined by §1681a(d).

98.     Defendant violated §1681e(b) by failing to establish or to "follow reasonable procedures to assure maximum possible accuracy" in the preparation of the tenant screening reports they sold about Plaintiff as well as the information Defendant published within the same.

99.     As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of housing opportunities; loss of time and money trying to correct the tenant screening reports; the expenditure of labor and effort disputing and trying to correct the inaccurate reporting; damage to her reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

100.    Defendant willfully violated §1681e(b) in that Defendant's conduct, actions, and inactions were willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to §1681n. Alternatively, Defendant was negligent, entitling Plaintiff to recover under §1681o.

101.    Plaintiff is entitled to recover statutory damages, punitive damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n, 1681o.

## COUNT II

## 15 U.S.C. § 1681c(a)

## Reporting of Obsolete Information

102.    Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 to 90 as if fully stated herein.

103.    Within its report about Plaintiff, Defendant published at least one obsolete criminal arrest record which antedated the report by more than seven years.

104.    The arrest records that Defendant published, which antedated the report by more than seven years, is information that Congress deemed to be obsolete and for that reason, should be excluded from consumer reports.

105.    Defendant knew or had reason to know that it was prohibited by the FCRA from publishing criminal arrest information that did not result in a conviction and which antedates the report by more than seven years.

106.    Defendant violated §1681c(a)(2) by reporting arrest information that antedated the report by more than seven years.

*Doe v. Real ID Inc.*
Complaint

107.    As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of housing opportunities; loss of time and money trying to correct the tenant screening reports; the expenditure of labor and effort disputing and trying to correct the inaccurate reporting; damage to her reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

108.    Defendant willfully violated §1681e(b) in that Defendant's conduct, actions, and inactions were willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to §1681n. Alternatively, Defendant was negligent, entitling Plaintiff to recover under §1681o.

109.    Plaintiff is entitled to recover statutory damages, punitive damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n, 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

i.    Determining that Defendant negligently and/or willfully violated the FCRA;

ii.    Awarding Plaintiff actual, statutory, and punitive damages as provided by the FCRA;

iii.    Awarding Plaintiff reasonable attorneys' fees and costs as provided by the FCRA; and,

iv.    Granting further relief, in law or equity, as this Court may deem appropriate and

just.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

Dated: April 26, 2023

**CONSUMER ATTORNEYS**

*/s/ Santiago J Teran*
Santiago J Teran (FL Bar No. 1018985)
E-mail: steran@consumerattorneys.com
Consumer Attorneys
2125 Biscayne Bldv., Ste 206
Miami, FL 33137
Direct: (347) 946-7990
Facsimile: (718) 715-1750

Consumer Attorneys
8245 N. 85th Way
Scottsdale, AZ 85258

*Attorney for Plaintiff Doe*

*Doe v. Real ID Inc.*
Complaint