**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI-DADE DIVISION**

| | |
|---|---|
| JANE DOE,<br><br>      Plaintiff,<br><br>v.<br><br>REAL ID INC.,<br><br>      Defendant. | Case No.: 1:23-cv-21564-DPG |

## **PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN PSEUDONYM OR, IN THE ALTERNATIVE, FOR ENTRY OF A PROTECTIVE ORDER**

Plaintiff moves for leave to proceed in pseudonym or, in the alternative, for entry of a protective order pursuant to Fed. R. Civ. P. 26(c)(1), and states the following in support.

## **ARGUMENT**

This case is brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*, which protects consumers from exposure of private or inaccurate facts. The FCRA acknowledges the importance of confidentiality in its description of the purpose of the Act:

> It is the purpose of this subchapter to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the ***confidentiality, accuracy, relevancy, and proper utilization of such information*** in accordance with the requirements of this subchapter.

§1681(b) (emphasis added).

The FCRA itself provides that "[t]here is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." §1681(a)(4). In order to protect consumers as fully as possible from unwarranted disclosures, the FCRA provides for statutory penalties, as well as recovery of compensatory damages and punitive damages and attorney-fee-shifting provisions.

Here, Plaintiff's complaint arises out of a tenant screening background check report published by Defendants to Plaintiff's potential landlord, which falsely portrayed Plaintiff had been convicted of "dealing in stolen property", "grant theft less than $5000", "fraud/false owner in pawing items less than $300", as well as four charges for traffic violations and "possession of control substance, cannabis 20 grams or less" older than 7 years. Fundamental to Plaintiff's lawsuit is the allegation that Defendants could not possibly have obtained information leading to this inaccurate reporting of a conviction for "dealing in stolen property", "grant theft less than $5000", "fraud/false owner in pawing items less than $300" because **no such information exists on the public record as a result of a Florida court ordering all records sealed under §943.059, Fla. Stat.**

"Generally, parties to a lawsuit must identify themselves in their respective pleadings." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir. 2001); *see also* Fed. R. Civ. P. 10(a). "This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992).

"Nonetheless, the rule is not absolute. A party may proceed anonymously in a civil

suit in federal court by showing that he has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Plaintiff B v. Francis*, 631 F.3d 1310, 1315—16 (11th Cir. 2011) (citation and internal quotation marks omitted). "To determine whether a plaintiff is entitled to proceed anonymously, courts must 'carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns.'" *S.G. v. Mears Transp. Grp., Inc.*, No. 6:14-cv-917-Orl-37KRS, 2014 U.S. Dist. LEXIS 111220, at *1 (M.D. Fla. Aug. 12, 2014) (quoting *Frank*, 951 F.2d at 323).

Carefully reviewing the circumstances of this case leads to the conclusion that the public interest in favor of open judicial proceedings is far outweighed by Plaintiff's interest in keeping her identity private to protect herself from further economic and reputational harm as recognized by Florida law as already determined by a Florida court.

The public interest in knowing the identity of the Plaintiff does not extend beyond the basic public interest in keeping legal proceedings transparent, in general. There is nothing about the Plaintiff's identity or status which elevates the public interest in this case. Defendant will be able to fully and fairly litigate against Plaintiff without publicly revealing her identity. On the other hand, the harm to Plaintiff in having her identity revealed is near-certain and severe. Simply put, she would be creating a public record linking her to serious criminal convictions, where Florida law entitles Plaintiff to deny the existence of those records pursuant to §943.059(6)(b), Fla. Stat. ("The subject of the criminal history record sealed under this section or under other provisions of law . . . may lawfully deny or fail to

acknowledge the arrests covered by the sealed record . . .").

The default rule, if applied here, would result in Plaintiff's litigating to hold Defendant accountable for falsely associating her to serious criminal records, when Plaintiff has a legal right to deny they existed at all. Unless permitted to proceed in pseudonym, Plaintiff's action would be the equivalent of attaching a bullhorn to Defendant's falsity that was heretofore in limited, though injurious, circulation.

Stated another way, without leave to proceed under pseudonym, Plaintiff will be forced to choose between (1) maintaining the clear judicial record wherein no publicly available information links her to those charges, or (2) prosecuting the statutory protections provided by the FCRA. Plaintiff therefore asserts that her "privacy right . . . outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Francis*, 631 F.3d at 1315—16.

The usual public interest in open judicial proceedings is tempered by the public's conflicting interest in allowing litigants to vindicate their rights under federal law (in this case, the FCRA) without visiting upon themselves the same injury for which they are suing. That is, an order denying permission to proceed in pseudonym in this case would have a chilling effect on any consumer's ability to vindicate her rights where criminal records are improperly reported. An adverse decision here would thwart the public's interest in ensuring that consumers receive the protections of the FCRA and are permitted access to the judicial system to vindicate those rights. Further, while the issues in this litigation present matters which may garner some public interest, that public interest can be met without the necessity of disclosure of the plaintiff's identity.

Rule 26(c) provides, in relevant part, that "for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Pursuant to this authority, Plaintiff seeks an order protecting her privacy and confidentiality throughout the proceedings and to avoid disclosure of her identity so as to avoid making her sealed records public. Specifically, Plaintiff asks this Court to permit her to proceed in this Court in pseudonym. If Plaintiff's true identity must be revealed in these proceedings, Plaintiff requests this Court enter a protective order which would require any reference to her true identity or identifying information to be filed under seal.

**RESPECTFULLY SUBMITTED** April 26, 2023,

        CONSUMER ATTORNEYS

        */s/ Santiago J Teran*
        Santiago J Teran (FL Bar No. 1018985)
        E-mail: steran@consumerattorneys.com
        Consumer Attorneys
        2125 Biscayne Bldv., Ste 206
        Miami, FL 33137
        Direct: (347) 946-7990
        Facsimile: (718) 715-1750

        Consumer Attorneys
        8245 N. 85th Way
        Scottsdale, AZ 85258

        *Attorney for Plaintiff*