IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

JANE DOE,

        Plaintiff,

v.

REAL ID INC.,

        Defendant.

Case No.: 1:23-cv-21564-DPG

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEAL UNDER LOCAL RULE 5.4**

**I.   RELEVANT FACTS.**

This matter involves information that falsely portrayed Plaintiff as

a.    having been convicted of "dealing in stolen property", "grand theft less than $5000", "fraud/false owner in pawing items less than $300";

b.    having four charges for traffic violations; and

c.    having one charge of "possession of control substance, cannabis 20 grams or less".

Defendant's reporting is inaccurate under the FCRA. The convictions under (a) above are inaccurate because Plaintiff was never convicted. The charges under (a) above are inaccurate because a Florida court had already ordered all records sealed under §943.059, Fla. Stat., which require a finding that the Plaintiff was not convicted. The charges under (b) and (c) above are inaccurate under the FCRA because they are older than 7 years and thus reporting them is unlawful

under 15 U.S.C. §1681c(a)(2).

## II. LEGAL STANDARD.

Good cause exists for sealing information "when disclosure will cause the party to suffer a clearly defined and serious injury". *See, e.g., NXP B.V. v. Research in Motion, Ltd.*, No. 6:12-cv-498-Orl-22TBS, 2013 WL 4402833, at *2 (M.D. Fla. Aug. 15, 2013). In evaluating a request for leave to file information under seal, courts balance the public's right to access court proceedings with the party's interest in keeping such information confidential. *See, Teledyne Instruments, Inc. v. Cairns*, No. 6:12-cv-854-Orl-28TBS, 2013 WL 5874584, at *1 (M.D. Fla. Oct. 31, 2013). Factors considered by courts in balancing these interests include "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Smith v. Costa Del Mar, Inc.*, Case No. 3:18-cv-1011-J32JRK, 2019 WL 3037815, at *1 (M.D. Fla. July 11, 2019).

## III. ARGUMENT.

As more fully argued in the forthcoming Motion to Proceed under a Pseudonym, if Plaintiff is forced to publicly disclose her identity, she would be creating a record linking her to matters that have been removed from the public record as a matter of law. Plaintiff's Amended Certificate of Interested Persons and evidence is support of her Renewed Motion to Proceed under a Pseudonym will include Plaintiff's identity and sufficient information to identify Plaintiff.

The Eleventh Circuit has already determined that forcing a plaintiff to create a record linking the plaintiff's identity to the offending facts is an abuse of discretion. *Plaintiff B v. Francis*, 631 F.3d 1310, 1317-18 (11th Cir. 2011) ("The court completely disregarded one of their expert's

testimony on the psychological damage of being labeled a 'slut' and dismissed testimony from the other expert—a clinical psychologist who interviewed and evaluated Plaintiff B, the one who seems to have the most risk of injury from public disclosure of her name—as 'conclusory.' [R. 419 at 8.] **Further, the district court failed to demonstrate its comprehension of what exactly is at stake for the Plaintiffs. The Plaintiffs had put on a convincing case that, by being identified, they will permanently be linked with the videos containing the footage of them**.") (emphasis added).

There is nothing about the Plaintiff's identity or status which elevates the public interest in this case. In fact, Florida policy, as enacted under §943.059, places Plaintiff's privacy above the public interest. There is no public interest in identifying a person who was charged but never convicted, as recognized by the Fifth Amendment to the Constitution.

Thus, in order to allow the Court to run a conflicts search and to review Plaintiff's evidence in support of a forthcoming motion, Court should grant Plaintiff's Motion for Leave to File Under Seal.

**RESPECTFULLY SUBMITTED** May 16, 2023,

CONSUMER ATTORNEYS

*/s/ Santiago J Teran*
Santiago J Teran (FL Bar No. 1018985)
E-mail: steran@consumerattorneys.com
Consumer Attorneys
2125 Biscayne Bldv., Ste 206
Miami, FL 33137
Direct: (347) 946-7990
Facsimile: (718) 715-1750

Consumer Attorneys
8245 N. 85th Way
Scottsdale, AZ 85258
*Attorney for Plaintiff*