UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-cv-21564-DPG

**JANE DOE**,

    Plaintiff,

v.

**REAL ID, INC.**,

    Defendant.

_____/

**ORDER**

**THIS CAUSE** comes before the Court on Plaintiff Jane Doe's ("Doe") Renewed Motion for Leave to Proceed Under a Pseudonym and Motion for Entry of Protective Order (the "Renewed Motions"). [ECF Nos. 16, 16-2]. The Court has reviewed the Renewed Motions and the record and is otherwise fully advised. For the reasons that follow, the Renewed Motions are **DENIED**.

**BACKGROUND**

On April 26, 2023, Doe filed her Complaint against Defendant Real ID, Inc. ("Real ID") alleging that Real ID violated the Fair Credit Reporting Act, 15 U.S.C. §1681, by publishing an inaccurate tenant screening report to Doe's prospective landlord, which falsely included convictions for dealing in stolen property, grand theft, fraud/false owner in pawning items, and charges for four traffic violations and possession of a controlled substance. [ECF No. 1 ¶¶ 1, 3]. Doe asserts that the screening report was inaccurate because a Florida state court found her to be not guilty of the charges for dealing in stolen property, grand theft, and fraud/false owner in pawning items and sealed those records. *Id.* ¶ 4. Simultaneously, Doe filed her Motion for Leave to Proceed in Pseudonym or, in the Alternative, for Entry of a Protective Order (the "Motion") on

1

April 26, 2023. [ECF No. 4]. In her Motion, Doe argued that her identity should be protected to prevent the creation of "a public record linking her to serious criminal convictions." *Id.* at 3.

On May 1, 2023, this Court denied Doe's Motion on the basis that the "circumstances outlined by [Doe] in the instant Motion fail[ed] to satisfy the three-pronged analysis established" by Eleventh Circuit precedent, "nor d[id] they mirror or closely resemble the additional circumstances courts have found to establish good cause warranting pseudonym status." [ECF No. 7]. This Court also found that Doe had not shown good cause to warrant a protective order that would require any reference to Doe's identity or identifying information to be filed under seal. *Id.*

On June 7, 2023, Doe filed her Renewed Motions arguing that her identity should be protected because her sealed criminal records consist of information of the utmost intimacy, and she would suffer injury if compelled to be identified. [ECF No. 16 at 2]. Additionally, Doe filed a declaration in support of the Renewed Motions and attached a copy of the order issued by the Second Circuit Court for Leon County that sealed her criminal records under § 943.059(6)(b) of the Florida Statutes. [ECF No. 17, 17-1]. In its opposition, Real ID argues that Doe's Renewed Motion essentially argues the same merits as the original Motion and fails to provide any evidence that proceeding under her real name would cause Doe to suffer concrete injury. [ECF No. 27 at 3].

## DISCUSSION

Generally, parties must identify themselves in federal civil actions. *See* Fed. R. Civ. P. 10(a). However, "[this] rule is not absolute. A party may proceed anonymously in a civil suit in federal court by showing that [s]he has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Plaintiff B. v. Francis*, 631 F.3d 1310, 1315−16 (11th Cir. 2011) (quotations and citations omitted). To determine whether a plaintiff has shown that she has such a right, the Eleventh Circuit has held

that the deciding court shall apply the three-pronged analysis set forth in *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir. 1979) (hereinafter "SMU"). *Id.* at 1316 (Courts should ask: "First, are the plaintiffs seeking anonymity challenging governmental activity? Second, will they be required to disclose information of the utmost intimacy? Third, will the plaintiffs be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution?"). Nevertheless, the three-pronged *SMU* analysis is only the "first step for evaluating whether to let a plaintiff proceed to trial anonymously." *Id.* Courts have also considered other factors such as whether the plaintiffs were minors, threatened with violence or physical harm by proceeding in their own names, and whether their anonymity posed a unique threat of fundamental unfairness to the defendant. *Id.* (citations omitted).

As before, this Court finds that Doe's circumstances still fail to satisfy the three-pronged analysis established in *SMU*. Doe concedes that prongs one and three of the *SMU* factors are not applicable in this case. [ECF No. 16 at 2]. Instead, she focuses on prong two and argues that, because a Florida state court sealed her criminal records, her records now include information of the utmost intimacy. *Id.* at 3−4. Specifically, Doe contends that she is entitled to the confidentiality protections under 15 U.S.C. § 1681(a)(4) and § 943.059(6)(b) of the Florida Statutes. [ECF No. 16 at 4]. However, this is not the standard set by Eleventh Circuit precedent. "The 'information of utmost intimacy' standard applies to cases involving issues such as abortion and prayer and personal religious beliefs. On the other hand, courts have often denied the protection of anonymity in cases where plaintiffs allege sexual assault, even when revealing the plaintiff's identity may cause her to suffer some personal embarrassment." *Francis*, 631 F.3d at 1316. Doe's criminal records do not give rise to the same level of intimacy concerns as abortions or religious beliefs. In fact, Doe fails to cite any authority in which a federal court deemed criminal records to involve

3

information of the utmost intimacy. *See Doe v. Rentgrow, Inc.*, No. 23-10572, 2023 WL 435400, at *2 (D. Mass. July 5, 2023) (finding that plaintiff's sealed criminal records are not the kind of information that warrants anonymity).

Furthermore, Doe fails to provide any evidence of a physical injury that could possibly result from her name being publicly disclosed. Rather, she simply states that she would be waiving the confidentiality protections under § 943.059 and § 1681(a)(2) if she were to reveal her identity, which constitutes a harm that is more than mere embarrassment. [ECF No. 16 at 9]. But again, the confidentiality protections under § 943.059 and § 1681(a)(2) do not satisfy the standard at issue here. From the Court's perspective, Doe is essentially arguing that her injury would be one of embarrassment, which is of no consequence. *Doe v. Frank,* 951 F.2d 320, 324 (11th Cir. 1992) ("The risk that a plaintiff may suffer some embarrassment is not enough."). Doe relies on the fact that she was never found guilty of the crimes for which she was charged. [ECF No. 30 at 2]. Ironically, this fact further supports the Court's finding that Doe should not be allowed to proceed under a pseudonym. Surely a person who was found *not* guilty of the crimes at issue would suffer less embarrassment and social stigma than a person who was convicted of a crime.

Finally, based on the circumstances, the Court also finds that Doe has not shown good cause warranting a protective order that would require any reference to Doe's identity or identifying information to be filed under seal.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff Jane Doe's Renewed Motion for Leave to Proceed Under a Pseudonym, [ECF No. 16], and Motion for Entry of Protective Order, [ECF No. 16-2], are **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th of October, 2023.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record